UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL LYNN WEST, JR,

Plaintiff,

v.

JOHN DOE, SPOKANE COUNTY JAIL,

Defendants.

Case No.  2:26-cv-01787-TL-TLF

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

This matter is before the Court for screening of plaintiff's civil rights complaint. Plaintiff is unrepresented by counsel and seeks *in forma pauperis* status in this matter. Considering deficiencies in the complaint discussed below, the Court will not direct service of the complaint at this time. On or before August 13, 2026, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint. If plaintiff does not either: (1) file a brief informing the Court why the complaint should not be dismissed (show cause), or (2) file a proposed amended complaint, the Court will recommend that this case should be dismissed without prejudice.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court can dismiss a complaint for failure to state a claim only if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556, 570).

"Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). Yet the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, the Court "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Here, plaintiff asserts he is housed at the Washington State Department of Corrections, Monroe Corrections Center, Sky River Treatment Center, for inmates with mental illness; he asserts that he suffers auditory hallucinations and delusions of grandeur. Dkt. 1-2, at 1-3. He states he is medically compliant and on an involuntary medication regime. *Id*. at 3.

Plaintiff asserts he was under the care of Dr. John Doe in 2004; plaintiff alleges that he would not have killed someone in 2004 had the doctor "listened to his pleas to be taken off Depakote, due to this drug causing plaintiff to feel violent." *Id*.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

Plaintiff alleges that, on the night of the 2004 incident, plaintiff told Dr. Doe that he was "feeling violent and aggressive towards others." *Id*. at 4. He claims these actions constitute "gross negligence qualifying as deliberate indifference and seeks compensatory and punitive damages. *Id*.at 5-8.

- **Improper Defendant**

Plaintiff names Spokane County Jail as a defendant. This is not a proper defendant under 42 U.S.C. § 1983 because "[l]ocal departments within municipal governmental entities are not proper defendants under § 1983." *Gansert v. Orange Cnty., California*, No. 819CV01999, 2019 WL 8108749, at *5 (C.D. Cal. Nov. 7, 2019); *see also Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." (citation omitted).

- **Deliberate Indifference**

It is unclear if, at the time of events described in the petition, petitioner was a pre-trial detainee or an inmate. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt."). Deliberate indifference to a detainee's serious medical need is a constitutional violation, whether the indifference is manifested by doctors, corrections officers, or other personnel. *Erickson v. Pardus,* 551 U.S. 89, 90 (2007) (per curiam).

To state a constitutional claim for inadequate medical care, a plaintiff must include factual allegations that a state actor acted with deliberate indifference to his serious medical needs. A determination of deliberate indifference involves an

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the plaintiff must show their medical condition is objectively "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); *McGuckin*, 974 F.2d at 1059. Seriousness of the condition may be present where there is:

> … The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain…

*McGuckin*, 974 F.2d at 1059-60.

Second, plaintiff must show the official was deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

Under the Eighth Amendment standard that applies to a person serving a sentence in jail or prison, an official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

Even though conditions of confinement claims brought by pretrial detainees arise under the Due Process Clause, the guarantees of the Eighth Amendment "provide a

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

minimum standard of care for determining rights as a pretrial detainee." *Gordon v. County. Of Orange,* 888 F.3d 1118, 1122 (9th Cir. 2018).

To state a Fourteenth Amendment claim relating to medical care of a pretrial detainee, a plaintiff must include factual allegations that a state actor acted, or failed to act, in a manner that shows deliberate indifference to his serious medical needs. *Gordon v. County of Orange,* 888 F.3d 1118, 1124-25 (9th Cir. 2018). The elements are:

> "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

*Id.,* at 1125. The defendant's conduct must be objectively unreasonable; concerning element (iii), plaintiff is required to show more than negligence, but less than subjective intent – "something akin to reckless disregard." *Id.* (citations and internal quotations omitted).

A claim for deliberate indifference, under the Eighth or Fourteenth Amendment, cannot succeed on the merits based on a claim of negligence or his own general disagreement with the treatment he has received. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

Plaintiff fails to state a claim for medical indifference, as the current complaint does not include facts to establish that the defendant knew of and disregarded an excessive risk to his health or safety. It is unclear what Dr. Doe knew, or (if this is a Fourteenth Amendment claim) whether an official in Dr. Doe's circumstances would have appreciated the high risk involved. In addition, plaintiff is arguing that another

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 6

person was harmed by plaintiff's violence; but plaintiff does not allege the serious nature of symptoms or injuries that he sustained because of the defendant's acts or omissions.

- **Statute of Limitations**

It appears plaintiff's claims would be subject to a motion to dismiss as untimely and barred by the statute of limitations. Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations, but the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981); RCW 4.16.080(2).

Federal law determines when a civil rights claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir.2001) (quoting *Two Rivers*, 174 F.3d at 992). The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.  *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir.1979).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wn. App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Here, it appears from the face of the complaint that the plaintiff had actual knowledge of the facts related to the claims alleged sometime in 2004. The time for filing a lawsuit expired three years later, sometime in 2007. Plaintiff initially presented his motion to proceed *in forma pauperis* to the court on May 20, 2026, almost 20 years after the last possible date the statute of limitations expired with respect to claims arising from both incidents. Plaintiff has not alleged facts to support a statutory or equitable tolling that would potentially apply in this case. Therefore, plaintiff must show cause why these claims should not be dismissed as untimely.

- **Exhaustion of Available Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8

Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Inmates are required to fully exhaust available administrative remedies; they also must exhaust those remedies in a timely manner; and they must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust his administrative remedies, an inmate is required to use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims by bringing grievances that are detailed and factual, including enough specifics to notify officials of the alleged harm. *Id*. at 1120.

Plaintiff asserts, without factual support, that he exhausted administrative remedies. If he files an amended complaint, plaintiff should clarify whether he has filed grievances concerning the facts relating to any of the claims raised in his complaint and -- if he has not – he must explain in detail why he has failed to do so. He should also attach a copy of the final grievance resolution for any grievance filed concerning facts related to his claims.

…

CONCLUSION

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 9

As discussed above, the Court finds the Complaint does not meet the minimum standards of Fed. R. Civ. P. 8, therefore the Court will not serve the complaint at this time. If plaintiff intends to pursue this action, he must either file a brief telling the Court why his original petition meets the substantive requirements for stating a claim; or he may file an amended complaint to cure, if possible, the deficiencies discussed above, **on or before August 13, 2026.** Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 10

timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 13th day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 11